## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

DARLENNA FRANKLIN and
CURTIS FRANKLIN,

           Plaintiffs,

v.

MANUFACTURERS AND
TRADERS TRUST COMPANY, d/b/a
M&T BANK,

           Defendant.

Case No.   1:18-cv-00587

Electronically Filed

### NOTICE OF REMOVAL

Defendant Manufacturers and Traders Trust Company, d/b/a M&T Bank ("M&T"), by and through its counsel, hereby removes the above-captioned action from the Circuit Court of Mercer County, West Virginia, to the United States District Court for the Southern District of West Virginia pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 and in support avers as follows:

1.      On or about May 24, 2016, Plaintiffs Darlenna Franklin and Curtis Franklin ("Plaintiffs") commenced an action by filing a Complaint in the Circuit Court of Mercer County, West Virginia, docketed at Case No. 16-C-167-D3, against M&T (hereinafter the "State Court Action"). The Complaint asserted individual claims for relief for: (1) violation of the West Virginia Consumer Credit and Protection Act ("WVCCPA"); (2) violation of the West Virginia Computer Crime and Abuse Act ("WVCCAA"); and (3) invasion of privacy. Attached as **Exhibit 1** is a true and correct copy of the Original Complaint and Summons served on M&T in the State Court Action.

2.      On or about June 7, 2016, Plaintiffs filed an Amended Complaint (the "Amended Complaint") with the Circuit Court of Mercer County, West Virginia.

3.     M&T's registered agent for service of process was served with the Amended

Complaint and Summons in the State Court Action on June 14, 2016.  Attached as **Exhibit 2** is a

true and correct copy of the Amended Complaint and Summons served on M&T in the State

Court Action.

4.     In the Amended Complaint, Plaintiffs assert individual claims for relief for:

(1) violation of the WVCCPA; (2) violation of the WVCCAA; and (3) invasion of privacy.

Plaintiffs' Amended Complaint also asserts a putative class claim for violation of the WVCCPA

(the "Putative Class Claim").

5.     Plaintiffs' Putative Class Claim alleges that M&T violated the WVCCPA by

engaging in certain unfair debt collection practices.  Specifically, Plaintiffs allege that the listing

of a property inspection fee and foreclosure attorney's fees in the mortgage statement attached as

Exhibit 1 to the Amended Complaint violated the WVCCPA.  *See* **Exhibit 2**, Amended

Complaint at ¶¶ 31-42, Ex. 1.

### Removal is Timely

6.     The deadline for removal begins upon the receipt of an "amended pleading,

motion, order or other paper from which it may first be ascertained that the case is one which is

or has become removable."  28 U.S.C. § 1446(b)(3); *see also McMahon v. Advance Stores Co.*,

2011 WL 2038596, at *4 (N.D. W. Va. May 24, 2011) ("a defendant must file its notice of

removal within thirty days of first learning of the grounds for removing the entire case")

(quotation omitted).  Section 1446(c)(3)(A) specifically states that "responses to discovery[]

shall be treated as an 'other paper'" for purposes of removal, and courts have consistently

applied this principal in cases subject to the Class Action Fairness Act of 2005 ("CAFA").  *See,

e.g., Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178 (9th Cir. 2015) (reversing grant of remand

and finding CAFA jurisdiction appropriate where defendant removed based on interrogatory responses); *Dijkstra v. Carenbauer,* 2012 WL 1533485 (N.D. W. Va. May 1, 2012) (upholding CAFA jurisdiction and denying motion to remand where defendant calculated amount in controversy by multiplying number of claims by maximum statutory penalty available under WVCCPA based on information developed during discovery period).

7.      The first paper from which it could be ascertained that this case is removable is M&T's Supplemental Responses and Objections to Plaintiffs' Third Set of Interrogatories, served on March 21, 2018.  Those Supplemental Responses are the first "pleading, motion, order or other paper" reflecting the additional information regarding the putative class size and potential damages beyond the limits previously agreed upon and set by Plaintiffs' counsel, and removal is appropriate on the basis of these Supplemental Responses.  *See Graiser v. Visionworks of Am., Inc.,* 819 F.3d 277, 286 (6th Cir. 2016) (upholding CAFA jurisdiction and vacating district court order to remand where defendant calculated potential damages using proposed damages formula and updated sales data it provided to plaintiff in supplemental interrogatory answers, and noting that defendant was "free to conduct its own investigation and remove the case" even after expiration of original removal window).  Attached as **Exhibit 3** is a true and correct copy of M&T's Notice of Service of the March 21, 2018 Supplemental Responses, filed with the Court on March 26, 2018.

8.      This Notice is being filed with the United States District Court for the Southern District of West Virginia within 30 days after service of M&T's March 21, 2018 Supplemental Responses and Objections to Plaintiffs' Third Set of Interrogatories in the State Court Action. *See* 28 U.S.C. § 1446(b)(3).

9.      Because this is a "class action" as defined in 28 U.S.C. § 1332(d)(1), the one-year removal filing limitation of 28 U.S.C. § 1446(c)(1) does not apply. *See* 28 U.S.C. § 1453(b).

### Venue is Proper

10.      The Circuit Court of Mercer County is located within the Southern District of West Virginia. Therefore, venue is proper pursuant to 28 U.S.C. §1441(a) because the action is being removed to the "district court of the United States for the district and division embracing the place where such action is pending."

### CAFA Jurisdiction

11.      Under CAFA, this Court has original and removal jurisdiction over any "class action" where: (1) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," (2) "any member of [the alleged] class of plaintiffs is a citizen of a State different from any defendant"; and (3) "the number of members of all proposed plaintiff class in the aggregate" is greater than or equal to 100. 28 U.S.C. § 1332(d)(2)(A) & (d)(5)(B).[1]

12.      <u>Minimal Diversity Exists</u>. Minimal diversity of citizenship exists between members of the putative class and M&T. 28 U.S.C. § 1332(d)(2)(A).

13.      M&T is a New York State chartered bank and trust company organized under the laws of the State of New York, with its principal executive offices in Buffalo, New York. **Exhibit 4**, Declaration at ¶ 3. Therefore, M&T is deemed a citizen of New York. 28 U.S.C. § 1332(c)(1); *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 317-18 (2006).

---

[1]      CAFA defines the term "class action" as any case that a plaintiff proposes to file as a class action under Rule 23 of the Federal Rules of Civil Procedure or any case "that is removed to a district court of the United States that was originally filed under a State statute or rule" similar to Rule 23. 28 U.S.C. § 1711(2). The term "class members" is defined as those "persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1711(4).

14.    Plaintiffs reside in West Virginia and, thus, are citizens of that State. **Exhibit 2** at ¶ 1. Therefore, minimal diversity exists.

15.    <u>Amount in Controversy</u>. Pursuant to the express language of the CAFA, the amount in controversy in a putative class action is determined by aggregating the alleged damages with respect to the claims of the named plaintiff and the claims of the alleged class members. 28 U.S.C. § 1332(d)(6).

16.    In this case, Plaintiffs seek to represent a class defined as: "all consumers with West Virginia addresses who were mailed letters of the type attached hereto as Exhibit 1 or substantial equivalents, in an attempt to collect a claim owed by a consumer at any time within four years prior to the filing of this civil action (which letters were not returned by the United States Post Office as undeliverable), seeking to assess attorney fees, property inspection fees, and/or additional fees, and who have not previously filed an individual civil action alleging a similar violation of West Virginia law." **Exhibit 2**, ¶ 32.

17.    On behalf of the purported class, Plaintiffs seek "[s]tatutory damages for Plaintiff and each member of the putative class *in the maximum amount* authorized by W. Va. Code § 46A-5-101(1) as adjusted for inflation pursuant to W. Va. Code § 46A-5-106, for all such violations that occurred up to the date and time of the filing of this complaint" in addition to costs and attorneys' fees and other relief as the Court deems appropriate. *Id.* at Demand for Relief ¶¶ B-C (emphasis added).

18.    While M&T denies that Plaintiffs have stated any claim, denies that any putative class member is entitled to any relief, and denies that the case is appropriate for class certification, as recently determined in the discovery process, the aggregate alleged amount in

controversy in this putative class action exceeds $5,000,000, exclusive of interest and costs, based upon the potential size of the class and amount of statutory damages. M&T denies that Plaintiffs and the putative class are entitled to any damages and reserves all of its rights to dispute liability and to challenge the amount of any statutory damages awarded in this case.

19.     Plaintiffs' Amended Complaint does not allege a specific amount of damages or limit the amount of damages Plaintiffs seek on behalf of the putative class. Additionally, although Plaintiffs allege that they had a mortgage loan account with M&T and although the Amended Complaint defines a putative class of West Virginia consumer who were mailed letters of the type attached as Exhibit 1 to the Amended Complaint "or substantial equivalents," it does not identify the universe of loan account types encompassed by Plaintiffs' proposed putative class definition. As a result, it was not apparent from the face of the Amended Complaint alone that the aggregate amount in controversy in this matter potentially exceeds $5,000,000, the jurisdictional threshold set forth in 28 U.S.C. § 1332(d)(2). However, information recently revealed during discovery now demonstrates that this action is removable.

20.     Plaintiffs' counsel, Jed Nolan, served Plaintiffs' First Request for Production and First Set of Interrogatories ("First Requests") on July 31, 2016. The First Requests sought information primarily related to Plaintiffs' mortgage loan account with M&T. M&T timely responded to the First Requests on August 22, 2016.[2]

21.     Mr. Nolan served Plaintiffs' Second Request for Production and Second Set of Interrogatories ("Second Requests") on April 21, 2017. The Second Requests sought, among other things, the identification of "collection letters" sent to West Virginia customers from June

---

[2]     In order to address certain questions Mr. Nolan raised with M&T's responses, M&T provided a supplemental response to the First Requests on October 4, 2016 and a second supplemental response on January 6, 2017.

2012 to the present listing inspection fees or attorney's fees and the number of M&T customers
to whom such letters were sent.  M&T timely served responses and identified Exhibit 1 to
Plaintiffs' Amended Complaint and objected because a file-by-file review would be necessary in
order to determine the number of customers who received a letter in the format of Exhibit 1 that
listed inspection fees or attorney's fees.  Following a meet and confer regarding certain issues
raised by Plaintiffs with respect to M&T's responses to the Second Requests, the parties agreed
that M&T would provide a supplemental response to the Second Requests which identified the
number of first and second mortgage accounts in default that received a letter in the format of
Exhibit 1 which listed property inspection fees or attorney's fees.  M&T's supplemental
responses to the Second Requests identified 113 accounts as having received a letter in the
format as Exhibit 1, thus indicating that less than $5 million was at issue.  M&T's supplemental
responses to the Second Requests were served on Plaintiffs' counsel on August 7, 2017.

22.     Upon information and belief, Mr. Nolan left the employment of Hamilton,
Burgess, Young & Pollard, pllc in or around late August or early September 2017.  On
September 18, 2017, Plaintiffs' current counsel, Steven Broadwater, served Plaintiffs' Third
Request for Production and Third Set of Interrogatories ("Third Requests").  M&T timely served
responses to the Third Requests.  Because Plaintiffs' Third Requests appeared to ask for
information that was duplicative of information sought in the Second Requests, M&T
appropriately responded by incorporating its supplemental responses to Plaintiffs' Second
Requests.

23.     On November 29, 2017, Plaintiffs filed a Motion to Compel in which they raised
certain issues with respect to M&T's responses to the Third Requests.  At the December 11,
2017 hearing on Plaintiffs' Motion to Compel, Plaintiffs' counsel argued, contrary to the prior

discovery agreement with Mr. Nolan, Plaintiffs now were seeking information relating to additional types of consumer credit accounts with M&T, and not just first and second mortgage loans.

24.     While the State Court has not yet ruled on Plaintiffs' Motion to Compel, in an attempt to resolve the discovery dispute between the parties, M&T served Supplemental Responses to the Third Requests ("Supplemental Responses") on March 21, 2018.  Those Supplemental Responses provided, for the first time, detailed information regarding the newly defined scope of consumers Plaintiffs assert are now within the scope of the putative class being sought to be certified in this case.

25.     As set forth in the Supplemental Responses, M&T searched presently available information regarding first mortgage, second mortgage, home equity line of credit and home equity loan accounts and identified approximately 542 defaulted mortgage loan accounts with a West Virginia mailing address that were assessed approximately 5,153 property inspection fees or attorney's fees during the four year period prior to the filing of Plaintiffs' Amended Complaint.  **Exhibit 4**, Declaration at ¶ 4.[3]

26.     Following amendments that took effect in September 2015, the WVCCPA provides for damages of $1,000 per violation.  W. Va. Code § 46A-5-101.  Although M&T disputes that Plaintiffs are entitled to any damages and reserves its right to dispute liability and to challenge any damages amount sought by Plaintiffs, if the amended version of Section 101 is applied to all 5,153 fees assessed, the potential damages relating to the putative class claim are

---

[3]     While M&T did not conduct a file-by-file review in order to confirm that the inspection fees or attorney's fees assessed to an account appeared on a mortgage statement, as a general matter, the fees would likely have been listed on an account statement in the normal course of M&T's business.  **Exhibit 4**, Declaration at ¶ 6.

$5,153,000 (5,153*$1,000).

27.     Prior to the amendments that took effect in September 2015, the WVCCPA authorized damages of between $100 to $1,000 per violation, and such amounts could be adjusted for inflation at the discretion of the trial judge. Specifically, the prior version of W. Va. Code § 46A-5-106 provided that a court may adjust the damages for a violation of W. Va. Code § 46A-5-101 "to account for inflation from the time that the [WVCCPA] became operative, specifically, 12:01 a.m. on the first day of September, one thousand nine hundred seventy-four, to the time of the award of damages in an amount equal to the consumer price index. Consumer price index means the last consumer price index for all consumers published by the United States Department of Labor."

28.     According to the United States Department of Labor, as a result of CPI inflation, $1,000 in September 1974 has the same buying power as $4,920.77 in February 2018. *See* **Exhibit 5**. Accordingly, if a court determines that adjusting for inflation is appropriate under W. Va. Code § 46A-5-106, potential statutory damages could be multiplied by 4.92, or potential statutory damages under W. Va. Code § 46A-5-101 could be approximately $492 to $4,920 per violation. *See also* **Exhibit 2,** Demand for Relief ¶ B (stating that Plaintiffs seek "[s]tatutory damages for Plaintiff and each member of the putative class *in the maximum amount* authorized by W. Va. Code § 46A-5-101(1) as adjusted for inflation pursuant to W. Va. Code § 46A-5-106, for all such violations that occurred up to the date and time of the filing of this complaint") (emphasis added).

29.     Based on presently available information available to M&T, it appears that approximately 3,276 fees were assessed prior to September 2015. **Exhibit 4**, Declaration at ¶ 5. Although M&T disputes that Plaintiffs are entitled to any damages and reserves its right to

dispute liability and to challenge any damages amount claimed by Plaintiffs, if the $4,920 per violation potential statutory damages amount is applied to these 3,276 fees and the current $1,000 per violation potential statutory damages amount is applied to the 1,877 fees assessed after September 2015, the potential statutory damages relating to the putative class claim are $17,601,800 ((3,276 x $4,800) + (1,877 x $1,000)).

30.    Therefore, based on Plaintiffs' request for statutory damages alone, the amount in controversy exceeds $5,000,000, exclusive of interest and costs. This does not account for the costs and attorneys' fees Plaintiffs also seek.

31.    Greater Than 100 Putative Class Members. As stated in paragraph 22 above, the putative class is greater than 100 persons. Therefore, the jurisdictional exception set forth in 28 U.S.C. § 1332(d)(5)(B) does not apply.

32.    This action does not otherwise meet the limitations of 28 U.S.C. §§ 1332(d)(3) and (d)(4) because M&T is not a citizen of West Virginia.

33.    Accordingly, this Court has original and removal jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

34.    Pursuant to 28 U.S.C. § 1446(d), M&T is serving this Notice of Removal on Plaintiff and filing a copy of this Notice with the Clerk of Courts of the Circuit Court of Mercer County. *See* **Exhibits 6 and 7**.

35.    This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

36.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon M&T are attached hereto. *See* **Exhibit 1** (Original Complaint); **Exhibit 2** (Amended Complaint); **Exhibit 3** (M&T's Notice of Service of the March 21, 2018

Supplemental Responses); **Exhibit 8** (June 6, 2016 Certificate of Service for Plaintiffs' First Set

of Interrogatories and Requests for Production); **Exhibit 9** (August 9, 2016 Answer of M&T);

**Exhibit 10** (August 23, 2016 Protective Order); **Exhibit 11** (August 24, 2016 Certificate of

Service for M&T's Responses and Objections to Plaintiffs' First Set of Interrogatories and

Requests for Production); **Exhibit 12** (September 8, 2016 Notice of Telephonic Scheduling

Conference); **Exhibit 13** (October 6, 2016 Certificate of Service for M&T's Responses and

Objections to Plaintiffs' First Set of Interrogatories); **Exhibit 14** (October 7, 2016 Scheduling

Order); **Exhibit 15** (January 9, 2017 Certificate of Service for M&T's Second Supplemental

Responses and Objections to Plaintiffs' First Set of Interrogatories and Requests for Production);

**Exhibit 16** (April 24, 2017 Certificate of Service for Plaintiffs' Second Set of Interrogatories and

Requests for Production); **Exhibit 17** (June 16, 2017 Certificate of Service for M&T's

Responses and Objections to Plaintiffs' Second Set of Interrogatories and Requests for

Production); **Exhibit 18** (August 9, 2017 Certificate of Service for M&T's Supplemental

Responses and Objections to Plaintiffs' Second Set of Interrogatories and Requests for

Production); **Exhibit 19** (September 20, 2017 Certificate of Service for Plaintiffs' Third Set of

Interrogatories and Requests for Production); **Exhibit 20** (September 25, 2017 Certificates of

Service for M&T's First Set of Interrogatories and Requests for Production); **Exhibit 21**

(October 25, 2017 Certificate of Service for M&T's Responses and Objections to Plaintiffs'

Third Set of Interrogatories and Requests for Production); **Exhibit 22** (October 26, 2017

Certificate of Service for Plaintiffs' Responses to M&T's First Set of Interrogatories and

Requests for Production); **Exhibit 23** (November 1, 2017 Plaintiffs' Disclosure of Fact

Witnesses); **Exhibit 24** (December 4, 2017 Plaintiffs' Motion to Compel and Notice of Hearing

for December 11, 2017); **Exhibit 25** (December 8, 2017 M&T's Opposition to Motion to

Compel); **Exhibit 26** (December 18, 2017 M&T's Disclosure of Lay and Expert Witnesses);

**Exhibit 27** (January 4, 2018 Certificate of Service for Deposition Notice); **Exhibit 28** (January

16, 2018 Scheduling Order Worksheet); **Exhibit 29** (March 6, 2018 Email Correspondence from

S. Broadwater); **Exhibit 30** (March 12, 2018 Scheduling Order); **Exhibit 31** (March 14, 2018

Order); **Exhibit 32** (March 19, 2018 Certificates of Service for Defendants' Requests for

Admission and Interrogatories); **Exhibit 33** (March 23, 2018 Notice of Service of M&T's

Supplemental Responses); **Exhibit 34** (April 11, 2018 Notice of Hearing regarding Status and

Discovery Conference); **Exhibit 35** (September 6, 2016 Letter from Judge Willis with

Scheduling Order); **Exhibit 36** (Faxed Copy of M&T's Opposition to Plaintiffs' Motion to

Compel); **Exhibit 37** (October 6, 2016 Scheduling Order Worksheet); **Exhibit 38** (June 16, 2016

Secretary of State Return of Service); **Exhibit 39** (June 22, 2016 USPS receipt for Service of

Process upon M&T); **Exhibit 40** (Docket for Darlenna Franklin and Curtis Franklin, No. 16-C-

167-D3, Circuit Court of Mercer County, West Virginia).

      WHEREFORE, this action is hereby removed to and should proceed in the United States

District Court for the Southern District of West Virginia.

Dated:  April 18, 2018                     Respectfully submitted,

                                  /s/ Richard D. Owen
                                  Richard D. Owen
                                  Goodwin & Goodwin, LLP
                                  300 Summers Street, Suite 1500
                                  P. O. Box 2107
                                  Charleston, WV 25328-2107
                                  Telephone (304) 346-7000

                                  *Attorneys for Manufacturers and Traders Trust*
                                  *Company, d/b/a M&T Bank*