IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

DARLENNA FRANKLIN and
CURTIS FRANKLIN,

            Plaintiffs,

v.                                    CIVIL ACTION NO. 1:18-00587

MANUFACTURERS AND TRADERS
TRUST COMPANY, d/b/a/ M&T BANK,

            Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiffs' motion to remand.
ECF No. 8. This motion hinges on whether plaintiffs' Amended
Complaint provided sufficient information to have required the
defendant to remove the action to federal court in July 2016,
instead of waiting until April 2018, when removal occurred. For
the reasons that follow, the court finds that the Amended
Complaint did not provide sufficient detail and **DENIES**
plaintiffs' motion to remand.

## I.    BACKGROUND

Plaintiffs, Darlenna and Curtis Franklin, became delinquent
on their mortgage sometime before February 2016. Amended
Complaint at ¶¶ 3-4. Plaintiffs retained an attorney who
notified the defendant, Manufacturers & Traders Trust Company
("M&T Bank"), of his representation by letter dated February 1,
2016. Id. at ¶ 4. Defendant acknowledged receipt of this

letter.  Id. at ¶ 5.  Thereafter, M&T Bank allegedly continued contacting plaintiffs by telephone and mail.  Id. at ¶¶ 5-9.

Plaintiffs filed their complaint on May 24, 2016 in Mercer County Circuit Court alleging these communications violated the West Virginia Consumer Credit and Protection Act ("WVCCPA"), West Virginia Computer Crime and Abuse Act, and constituted an invasion of privacy.  See Complaint.

On June 3, 2016, plaintiffs filed an Amended Complaint, which contained class claims for relief extrapolating the same legal violations as the original complaint.  See Amended Complaint at ¶ 31.  The proposed class included "all consumers with West Virginia addresses who were mailed letters [by defendant] . . . in an attempt to collect a claim owed by a consumer at any time within four years prior to the filing of this civil action . . . [including] attorney fees, property inspection fees, and/or additional fees . . ."  Id. at ¶ 32.  As relief, plaintiffs requested actual damages for violations of the WVCCPA, statutory damages in the maximum amount allowable by the WVCCPA, general compensatory damages and punitive damages, along with costs and attorney's fees.  Id. at pp.3-4.  While the Amended Complaint declares that the proposed class "is so numerous that joinder of all members is impractical," id. at ¶ 34, the only amount definitively at issue is a bill for $5,519.02 allegedly owed by the Franklins.  See id., Ex. 1.

M&T Bank filed a notice of removal to this court on April 18, 2018 alleging that it became aware on March 21, 2018 that removal was appropriate under the Class Action Fairness Act of 2005 ("CAFA"). On this date, M&T Bank provided plaintiffs with its Supplemental Responses to Plaintiffs' Third Request for Production and Third Set of Interrogatories. In this discovery response, M&T Bank identified 542 defaulted loan accounts involving 5,153 different property inspection fees or attorney's fees within plaintiffs' proposed class. These fees multiplied by the applicable statutory damages provided a maximum $17,601,800 in damages. <u>See</u> Notice of Removal at ¶¶ 25-29.

On May 17, 2018, plaintiffs filed the instant motion to remand, and the case has now been fully briefed. ECF Nos. 8, 9, 15, 16.

## II.  APPLICABLE LAW

A defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction. . . ." 28 U.S.C. § 1441(a). Under CAFA, an action may be originally brought in federal court if it has (1) at least one member of the class who is a citizen of a state different than at least one of the defendants; (2) the class consists of at least one hundred members; and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). To

remove an action to federal court under CAFA, a defendant must file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a); see also Strawn v. AT&T Mobility LLC, 530 F.3d 293, 297 (4th Cir. 2008).

While the defendant bears the burden of alleging federal jurisdiction under CAFA, id., there is "no antiremoval presumption attend[ing] cases invoking CAFA . . . a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Op. Co. v. Owens, -- U.S. --, 135 S. Ct. 547, 554 (2014). If jurisdiction is challenged, the parties are required to submit proof and the court must determine if federal jurisdiction under CAFA has been met by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B); Dart, 135 S. Ct. at 553-54.

Removal, however, is constrained by statutorily-imposed time limits. A defendant seeking to remove an action to federal court under CAFA must comply with the time limits of the general removal statute, 28 U.S.C. § 1446, without considering the one-year deadline for removing cases under diversity jurisdiction. See U.S.C. § 1453. Therefore, 28 U.S.C. § 1446 creates two thirty-day windows for removal under CAFA. First, a defendant may file its notice of removal within 30 days of the service or receipt of the initial pleading. 28 U.S.C. § 1446(b)(1).

However, "if the case stated by the initial pleading is not removable," the defendant may file a notice of removal within 30 days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3) (emphasis added).

### III. DISCUSSION

#### A. Plaintiffs Must Provide an Unequivocal Statement from which Removal under CAFA could be Ascertained

The court must first determine what standard M&T Bank is held to in "ascertaining" that the case is removable under 28 U.S.C. § 1446(b)(3).[1]  Plaintiffs claim that their June 2016 Amended Complaint provided M&T Bank with "a clue" that removal was appropriate, triggering the removal period and requiring M&T Bank to engage in due diligence as to the numerosity and amount in controversy thresholds.

While some district courts in our circuit have applied this "clue" test first annunciated in Kaneshiro v. North American Company for Life and Health Insurance, 496 F. Supp. 452, 460 (D.

---

[1] This case was not originally removable under traditional diversity jurisdiction because of plaintiffs' stipulation that it would not seek an award in excess of the $75,000 amount in controversy threshold.  See Complaint at p.6; Amended Complaint at p.8.  Nevertheless, even if the Amended Complaint triggered the thirty-day window for traditional diversity jurisdiction, this would not bar M&T Bank from timely removal under CAFA.  See Jordan v. Nationstar Mortgage, LLC, 781 F.3d 1178, 1180 (9th Cir. 2015).

Hawaii 1980), to look beyond the pleadings and determine when the thirty-day clock was triggered, "in the twenty-five years since <u>Kaneshiro</u> was decided, no federal circuit court of appeals has embraced its rationale." <u>Harris v. Bankers Life and Casualty Co.</u>, 425 F.3d 689, 698 (9th Cir. 2005), cited by <u>Dijkstra v. Carenbauer</u>, No. 5:11CV152, 2012 WL 1533485, at *5 (N.D.W. Va. May 1, 2012).

Instead, when analyzing § 1446, the United States Court of Appeals for the Fourth Circuit in <u>Lovern v. Gen. Motors Corp.</u> stated:

> [W]e conclude only where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days. Where, however, such details are obscured or omitted, or indeed misstated, that circumstance makes the case "stated by the initial pleading" not removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal. . . .
>
> [W]e will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather, we will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper.

121 F.3d 160, 162 (4th Cir. 1997).

While <u>Lovern</u> was decided prior to CAFA's enactment, "[e]very circuit to have addressed this issue has likewise

'adopted some form of a bright-line rule that limits the court's inquiry to the clock-triggering pleading or other paper' in order to determine removability." Romulus v. CVS Pharmacy, Inc., 770 F.3d 67, 74 (1st Cir. 2014) (quoting Walker v. Trailer Transit, Inc., 727 F.3d 819, 824 (7th Cir. 2013) (collecting cases from Second, Fifth, Eighth, Ninth, and Tenth Circuits)); see also Cutrone v. Mortg. Elec. Registration Sys., Inc., 749 F.3d 137, 143–45 (2d Cir. 2014); Gibson v. Clean Harbors Envtl. Servs., Inc., 840 F.3d 515, 520 (8th Cir. 2016); Graiser v. Visionworks of Am., Inc., 819 F.3d 277, 285 (6th Cir. 2016). Instead, these courts have required the plaintiff to provide "a sufficiently detailed and unequivocal statement from which the defendant may unambiguously ascertain that the CAFA jurisdictional requirements have been satisfied. . . . " Gibson, 840 F.3d at 520. Therefore, "[u]nder this bright-line rule, a defendant is not required to search its own business records or 'perform an independent investigation into a plaintiff's indeterminate allegations to determine removability.'" Graiser, 819 F.3d at 285 (quoting Cutrone, 749 F.3d at 145 (2d Cir. 2014)).

## B. Plaintiffs' Amended Complaint Fails to Explicitly Demonstrate That CAFA's Thresholds Were Met

With this context in mind, the court reviews the papers provided to M&T Bank to determine if defendant's removal was untimely. Plaintiffs' Amended Complaint is the only paper that plaintiffs allege put M&T Bank on notice of CAFA jurisdiction.

After reviewing the Amended Complaint, the court determines that it did not give M&T Bank adequate notice of grounds for removal under CAFA. The Amended Complaint generally requests actual, statutory, compensatory, and punitive damages along with costs and attorney's fees. The only specific damages "apparent within the four corners" of the Amended Complaint are the $5,519.02 bill allegedly owed by Darlenna and Curtis Franklin. Lovern, 121 F.3d at 162; Amended Complaint at ¶ 33. This does not overcome CAFA's $5,000,000 threshold, and M&T Bank is not required to deduce the damages in controversy for the proposed class from this bill alone. Cutrone, 749 F.3d at 145 (refusing to require the defendant to utilize the alleged damages of the representative plaintiff to extrapolate the likely amount in controversy when "nowhere in the pleadings do the plaintiffs allege the value, even as an approximation, of other class members.") (cleaned up).[2]

---

[2] This brief uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from this quotation.

Moreover, with regard to CAFA's numerosity requirement, the Amended Complaint offers no concrete size of the class, but only a blanket assertion that joinder would be impractical.  See supra, at p.2.  Because the Amended Complaint fails to affirmatively establish that the damages requested and the class size are sufficient for federal jurisdiction under CAFA, plaintiffs would require M&T Bank to use its own efforts to ascertain if the Amended Complaint met the thresholds of CAFA, in stark contrast with Lovern.

Plaintiffs contend that it is unfair for M&T Bank to fail to compute data in its possession for 21 months after the Amended Complaint was filed.  ECF No. 16 at p.1.  Plaintiffs are correct that M&T Bank, not plaintiffs, had the data to make itself aware, of CAFA jurisdiction earlier in this litigation.  However, Lovern emphasizes clarity rather than requiring district courts to discern "the subjective knowledge of the defendant."  121 F.3d at 162; see also Cutrone, 749 F.3d at 148 (removal appropriate 90 days after a complaint filed where "documents fail to trigger the removal periods of 28 U.S.C. §§ 1446(b)(1) and (b)(3), a defendant may remove a case when, upon its own independent investigation, it determines that the case is removable."); Graiser, 819 F.3d at 281 ("[Defendant] could have investigated its own records to determine whether the case was removable . . . But [defendant] did not have a duty to do

so" until plaintiffs provided a document from which defendant "could ascertain that the case was clearly removable under CAFA.").

Finally, plaintiffs contend that the defendant's "own pleading cannot serve as the basis of removability," because it falls outside the two thirty-day periods of 28 U.S.C. § 1446(b). ECF No. 9 at p.3. Indeed, defendant's own discovery response prompted its removal, and therefore no paper provided by plaintiff triggered the thirty-day window of 28 U.S.C. § 1446(b)(3). Nevertheless, two circuit courts considering this same issue have determined that "§§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines [created by 28 U.S.C. § 1446(b)]." Roth v. CHA Hollywood Medical Center, L.P., 720 F.3d 1121, 1123 (9th Cir. 2013), see also Cutrone, 749 F.3d at 147 ("Section 1446(b) imposes a time limit only in cases in which the plaintiff's initial pleading or subsequent document has explicitly demonstrated removability. Defendants are permitted to remove outside of these periods when the time limits of 28 U.S.C. § 1446(b) are not triggered.") (emphasis in original). This court follows the approach of Roth and Cutrone and finds no infirmary in M&T Bank's removal absent any triggering paper.

## IV.  CONCLUSION

For the reasons above, M&T Bank's removal is proper under CAFA and plaintiffs' motion to remand is **DENIED**.

The Clerk is further directed to send a copy of this Memorandum Opinion and Order to counsel of record.

It is so **ORDERED** this 19th day of July, 2018.

Enter:

David A. Faber
Senior United States District Judge